THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA B. ROGERS,

      Plaintiff,

v.                                                CASE NO.:

                                                    **JURY TRIAL DEMANDED**

LEXISNEXIS RISK SOLUTIONS INC.,

      Defendant.
_____/

## COMPLAINT

Plaintiff, LINDA B. ROGERS, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby brings this Complaint against LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LEXIS" or "Defendant") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* relating to the mixing or merging of Plaintiff's consumer reports with that of another consumer. In support thereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This action arises out of Defendant's repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here. 28 U.S.C. § 1391(b)(2).

### PARTIES

4. Plaintiff is a natural person over the age of 18 who resides in Deland in Volusia County, Florida and is a "consumer" as defined by the FCRA in 15 U.S.C. § 1681a(c).

5. LEXIS is a foreign corporation authorized to do business in the State of Florida.

6. LEXIS is a "consumer reporting agency," as defined by the FCRA in 15 U.S.C. § 1681a(f).

7. LEXIS is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined by the FCRA in 15 U.S.C. § 1681a(d) to third parties.

8. LEXIS disburses such consumer reports to third parties under contracts for monetary compensation.

## FACTUAL ALLEGATIONS

9. On or about April 20, 2020, Plaintiff received correspondence from her auto insurance provider, Florida Farm Bureau Casualty Insurance Company (hereinafter "FFBIC"), for policy number XXX8281 stating she no longer had the "best" personal responsibility score resulting in a rate increase on her policy citing LEXIS as the credit report furnisher from which this decision was derived (attached hereto as "Exhibit 1").

10. On or about April 20, 2020, Plaintiff immediately attempted to obtain her LEXIS consumer report by phone to better understand FFBIC's decision as she had not had any adverse action on any of her accounts to warrant such decision but was unable to access her LEXIS account.

11. On or about April 27, 2020, Plaintiff received correspondence from LEXIS stating they were unable to process her request for her report as they were unable to locate a file sufficiently matching her data (attached hereto as "Exhibit 2").

12. On or about May 5, 2020, LEXIS finally provided Plaintiff with a copy of her consumer report, which showed mixed and/or merged information with that of another consumer.

13. The mixed information included, but was not limited to, items that did not belong to Plaintiff to include individuals and addresses in Texas not belonging to or connected to Plaintiff, and a

credit inquiry for a mini cooper connected to those individuals and addresses in Texas (attached hereto as "Exhibit 3").

14. On or about May 19, 2020, Plaintiff received correspondence from LEXIS with regard to Plaintiff's dispute of an inquiry dated January 29, 2020 listed on Plaintiff's NCF report, informing Plaintiff the inquiry was initiated by Regional Acceptance Corp in association with a loan application. Plaintiff did not submit any such loan application.

15. On or about May 26, 2020, Plaintiff sent a detailed written dispute letter through certified mail to LEXIS requesting LEXIS take action by fixing the incorrect information on her consumer report as it was affecting her credit.

16. On or about May 28, 2020, Plaintiff again filed a formal dispute with Defendant by mail as she was still unable to retrieve her consumer report from Defendant with her personal identifying information despite her previous attempts to resolve the issue with Defendant.

17. On or about June 2, 2020, Plaintiff received a dispute response from LEXIS which, while correcting some information, did not address the full extent of the mixed merged information on Plaintiff's file as several items not belonging to Plaintiff remained on Plaintiff's consumer report.

18. LEXIS failed to perform a reasonable investigation as requested by Plaintiff on several occasions and continued to report inaccurate information on Plaintiff's consumer report.

19. On or about October 19, 2020, Plaintiff sent LEXIS a detailed written dispute through certified mail requesting they correct her file and provide her with a copy of their report with such corrections.

20. On or about November 27, 2020, Plaintiff received a response with a copy of her consumer report from LEXIS with results from her dispute. LEXIS' updated consumer report still

contained several inaccuracies belonging to another consumer (which were reported in detail to LEXIS in Plaintiff's dispute) including, but not limited to, inaccurate addresses not belonging to Plaintiff, inaccurate insurance and vehicle information not belonging to Plaintiff, other consumer names (Don Roger) not related or associated to Plaintiff, and credit inquiries not initiated nor authorized by Plaintiff (Regional Acceptance Corporation).

21. Under information or belief, Defendant has provided Plaintiff's consumer reports to third parties with inaccurate information including personal identifying information belonging to another consumer.

22. Defendant has repeatedly failed to conduct a reasonable investigation of Plaintiff's dispute despite Plaintiff providing appropriate identifying information due to the mixed and/or merged consumer file in Defendants' records.

23. Defendant is and has been, for several decades, well aware of the problems with ownership errors in their consumer reports.

24. Defendant has been subject to litigation regarding the accuracy of its matching procedures and have experienced punitive damages awards punishing them for failing to adequately address such problems.

25. These problems have been brought to Defendant's attention through reports by orders and advisory opinions of both the Federal Trade Commission and the Consumer Financial Protection Bureau.

26. Despite a long history of knowledge of such issues, Defendant has continued to create its reports without requiring strict matching of identity information.

27. Under information and belief, Defendant has found it more profitable to be over-inclusive of information in its reports and pay settlements, actual damages, and punitive damages awards against it, rather than correct the underlying problems in their matching procedures.

28. Plaintiff has suffered significant damages as a result of Defendants' actions or failure to act when required.

29. Plaintiff has sustained damage by having to pay an increased automobile insurance premium due to the mixed/merged file reported by Defendants to a third party.

30. Plaintiff has also experienced actual damage through emotional distress, stress, anxiety, sleeplessness, inability to access credit and insurance or in paying an increased cost for such.

## COUNT I
### (Violations of FCRA, 15 U.S.C. § 1681e(b) *et seq*.)

31. Plaintiff incorporates by reference, the above one (1) through thirty (30) paragraphs of this Complaint as though fully stated herein.

32. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

33. As a result of the conduct, action, and inaction of Defendant, Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit and insurance, increased cost for credit and insurance, stress, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment.

34. Defendant's conduct, action, and inaction was willful rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

35. In the alternative, Defendant's conduct, action, and inaction was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### (Violations of FRCRA, 15 U.S.C. § 1681i *et seq*.

37. Plaintiff incorporates by reference, the above one (1) through thirty (30) paragraphs of this Complaint as though fully stated herein.

38. Defendant violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it knows is unreliable.

39. As a result of the conduct, action, and inaction of Defendant, Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit and insurance, increased cost for credit and insurance, stress, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment.

40. Defendants' conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against each Defendant for statutory damages, actual damages, punitive damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully Submitted,

    DATED: March 22, 2021

    */s/ Jared M. Lee, Esq.*
    Jared M. Lee, Esq.
       Florida Bar #: 0052284
    **Jackson Lee | PA**
    1985 Longwood Lake Mary Rd.
    Ste. 1001
    Longwood, FL 32750
    Tel: (407) 477-4401
    Fax: (407) 477-4949
    Email: Jared@JacksonLeePA.com
          Service@JacksonLeePA.com
          Melissa@JacksonLeePA.com
    *Counsel for Plaintiff*